UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BERNARD JONES, SR., | ) | CASE NO. 5:10CV2349 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | **ORDER AND DECISION** |
| APV ENGINEERED COATINGS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter appears before the Court on Defendant APV Engineered Coatings' ("APV") Motion for Default Judgment. (Doc. 15). For the following reasons, APV's motion is GRANTED.

I.  FACTS AND PROCEDURAL HISTORY

The following facts are undisputed by the parties. Jones was working at APV on the day in question.[1] On that day in April 2009, Jones received a phone call at APV. After the phone call Jones informed his employer that his son was in the hospital and that he needed to leave work. Because he did not have transportation, APV provided Jones with a ride to the hospital. APV informed Jones that when he returned he would need to provide documentation to support his family emergency. Jones returned to work the following day with a handwritten note stating, "Jones was in Children's Hospital E.R. on todays [sic] date 4-19-09" and signed by a Dr. Palowski. APV found the documentation to be insufficient and suspended Jones until he provided adequate documentation. On April 23, 2009, APV informed Jones, by letter, that his

---

[1] There is some discrepancy in the specific date. Although Jones lists April 11, 2009 in his complaint, the note provided by Jones to APV specifies April 14, 2009. The specific date is not material.

employment would be terminated if he failed to provide the requested documentation by May 1, 2009. APV subsequently terminated Jones' employment.

On October 14, 2010, Bernard Jones, Sr. filed a complaint against APV alleging wrongful termination; specifically Jones argues that he was fired because of his disability, i.e. a lower back injury, in violation of Title VII of the Civil Rights Act of 1964 and the American Disabilities Act ("ADA"). He asserted in his complaint that APV had, in the past accepted similar documentation from other employees. On February 24, 2011, the Court held a case management conference. At the case management conference, Jones admitted to the Court that his son was never in the hospital on that day in April, and that he falsified the documentation he provided to APV. On March 7, 2011, APV filed its motion for summary judgment.

## II. LAW AND ANALYSIS

### A. Summary Judgment

A party seeking summary judgment must show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A party opposing summary judgment must show that there are facts genuinely in dispute, and must do so by citing to the record. Fed.R.Civ.P. 56(c)(1)(a). The nonmoving party must show, with specificity, "that there is a genuine issue for trial. [T]his circuit has long held that '[m]ere conclusory and unsupported allegations, rooted in speculation, do not meet that burden." *Bell v. Ohio State Univ.*, 351 F.3d 240, 253 (6th Cir. 2003) citing *Bryant v. Commonwealth of Kentucky,* 490 F.2d 1273, 1274 (6th Cir.1974) (per curiam).

#### a. No Genuine Dispute As To Any Material Fact

Jones alleges in his complaint that APV wrongfully terminated him because of a disability. On the other hand, APV contends that it fired him because the medical excuse slip that he provided on his return to work was insufficient and despite giving Jones plenty of time

2

and an opportunity to supplement this medical excuse, Jones failed to provide adequate documentation.  APV notes that because Jones did not have transportation to the hospital, APV provided him with a ride to Akron Children's Hospital.  The medical excuse Jones presented to APV stated that he "was in Chilren's Hospital E.R. on today's date 4-14-09."  This note was signed by a Dr. Palowski and was handwritten on plain paper.  This, according to APV was suspicious on its face because it made no mention of Jones' son, offered no explanation as to why he was at the hospital, and was on a plain piece of paper instead of hospital stationary.  These failings were explained Jones and he was informed that he was suspended without pay until he provided the necessary documentation.  APV tried to independently verify Jones' documentation and determined that there was no Dr. Palowski on staff at Akron Children's Hospital and that no patient by the name of Jones was treated in the emergency room on April 14, 2009.  When confronted, Jones informed APV that his son had not been treated at Children's Hospital in Akron but rather at Akron Children's Hospital in Youngstown, despite the fact that he had been driven to Children's Hospital in Akron.  At this point, Jones was again informed that he could not return to work until he provided appropriate documentation of his absence.  APV's Vice President of Manufacturing sent Jones a letter informing Jones that he would be terminated if he did not provide the proper documentation by Friday, May 1, 2009.  Jones did not respond and was terminated effective May 4, 2009 for leaving work under false pretenses and falsification of employment records, i.e. the excuse slip.

Jones does not dispute any of the above material facts.  In fact, although at the time of the incident APV suspected that Jones was lying about his absence, Jones verified at the parties' planning meeting and again to the Court at the Case Management Conference that he was indeed lying and that his child was not in the hospital on the day in question.  Jones stated that he lied so

3

that he could leave work because his back hurt. Accordingly, there are no genuine disputes as to any material fact.

        b. *Entitled To Judgment As A Matter Of Law*

It is unclear from Jones' complaint or other arguments how this case could be brought under Title VII. Rather, he states that he was terminated as a result of his disability.

Title I of the ADA provides that a covered employer "shall [not] discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). To make out a prima facie case of employment discrimination through indirect evidence under Title I, a plaintiff must show that "1) he or she is disabled; 2) otherwise qualified for the position, with or without reasonable accommodation; 3) suffered an adverse employment decision; 4) the employer knew or had reason to know of the plaintiff's disability; and 5) the position remained open while the employer sought other applicants or the disabled individual was replaced." *Macy v. Hopkins Cnty. Sch. Bd. of Educ.*, 484 F.3d 357, 365 (6th Cir.2007) (quoting *Monette v. Elec. Data Sys. Corp.,* 90 F.3d 1173, 1186 (6th Cir.1996)).

Once a plaintiff makes out a prima facie case, the burden shifts to the defendant to articulate a non-discriminatory explanation for the employment action, and if the defendant does so, the burden shifts back to the plaintiff to prove that the defendant's explanation is pretextual. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04, 93 (1973).

It does not appear that Jones has made a prima facie case. APV does not dispute that Jones suffered a work related back injury and his work status was diminished to "seated duty only." Further, it is clear that Jones was terminated from his employment. However, Jones

makes no attempt to satisfy the fifth prong of the test. Even presuming that Jones satisfied the elements to make a prima facie case of discrimination, APV articulated an undisputed non-discriminatory explanation as stated above, i.e., that he falsified employment records. Therefore, the burden shifts back to Jones to prove that this reason is pretextual. In his response to APV's motion for summary judgment, Jones has not even attempted to make this argument. Accordingly, APV is entitled to judgment as a matter of law.

### III.    CONCLUSION

For the reasons set forth herein, the APV's motion for summary judgment is GRANTED.

IT IS SO ORDERED.


DATE: April 26, 2011                /s/ John R. Adams
                                    Judge John R. Adams
                                    UNITED STATES DISTRICT COURT